**SOUTHERN HARDWOOD TRAFFIC ASSOCIATION, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 18819.

United States Court of Appeals Sixth Circuit.

May 28, 1969.

J. Edward Wise, Memphis, Tenn., for appellant, Hubert A. McBride and J. Edward Wise, Memphis, Tenn., on brief.

Stephen H. Hutzelman, Tax Division, Dept. of Justice, Washington, D. C., Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Jonathan S. Cohen, Attys., Dept. of Justice, Washington, D. C., for appellee Thomas L. Robinson, U. S. Atty., Memphis, Tenn., of counsel.

Before PECK, McCREE, and COMBS, Circuit Judges.

## PER CURIAM.

The district court, sitting without a jury, dismissed a suit for refund of income taxes for the tax years 1960–62, and the taxpayer appeals. Taxpayer is an unincorporated association of individuals, partnerships, and corporations engaged in the manufacture or handling of wood products. Taxpayer's primary sources of revenue are membership dues and commissions received from collecting freight claims and transit refunds for its members individually. Since 1942, the association has not reported its income from membership dues, attaching an appropriate explanatory statement; the commission income has been reported. In 1964, the Commissioner of Internal Revenue determined that the association was taxable on its income from all sources and applied that determination retroactively for the tax years 1960–62.

The district judge filed a comprehensive opinion, reported at 283 F.Supp. 1013, in which he found that taxpayer was not entitled to exemption as a business league within the meaning of 26 U.S.C. § 501(c) (6); he also concluded that certain oral representations made by an IRS division chief in Memphis in 1942 did not estop the commissioner from retroactively applying his determination for the tax years 1960–62. The pertinent facts and relevant legal principles are discussed in detail in the district judge's opinion. After careful examination, we find ourselves in agreement with that opinion and the judgment will be affirmed for the reasons there set forth.

The taxpayer argues with some persuasiveness that, as a matter of fairness, the commissioner's determination should have been given prospective application only in light of his acquiescence in taxpayer's method of reporting its income for many years. However, the commissioner "may prescribe the extent, if any, to which any ruling or regulation, relating to the internal revenue laws, shall be applied without retroactive effect." 26 U.S.C. § 7805(b). The commissioner is not estopped to correct a mistake of law and by § 7805(b) Congress has given him broad discretion in determining when to apply his corrections retroactively. Dixon v. United States, 381 U.S. 68, 85 S.Ct. 1301, 14 L. Ed.2d 223 (1965); Automobile Club of Michigan v. Commissioner of Internal Revenue, 353 U.S. 180, 77 S.Ct. 707, 1 L.Ed.2d 746 (1957). See Fruehauf Corp. v. Commissioner of Internal Revenue, 356 F.2d 975 (6th Cir. 1966), cert. denied, 385 U.S. 822, 87 S.Ct. 51, 17 L.Ed.2d 60. We cannot say in the circumstances here shown that the commissioner abused his discretion.

Judgment affirmed.