Vera **PULS**, Plaintiff,

v.

**UNITED STATES of America,**
**Defendants.**

No. C-72-1404 RFP.

United States District Court,
N. D. California.

March 21, 1974.

Bruce W. Hyman, Alan L. Fox, Byron J. Massey, Landels, Ripley & Diamond, San Francisco, Cal., for plaintiff.

Richard J. Sideman, Asst. U. S. Atty., San Francisco, Cal., for defendants.

## MEMORANDUM AND ORDER

PECKHAM, District Judge.

Plaintiff brings this action against defendant in order to settle the parties' respective rights in certain residential property located in Hayward, California. Specifically, plaintiff seeks declaratory relief adjudging that certain federal tax liens on the property were discharged by a trustee's sale and quieting title to the property in plaintiff and, in addition, asks for injunctive relief prohibiting the seizure, levy, and sale of the property by the defendant.

Both plaintiff and defendant have filed motions asking for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons stated infra, plaintiff's motion is denied, and defendant's motion is granted.

## FACTS

Plaintiff and defendant have stipulated to certain facts in connection with their cross-motions for summary judgment. A synopsis of these facts follows.

Jack M. Turrentine owned certain residential real property located in Hayward, California. His property was subject to various liens, including a promissory note and deed of trust in favor of plaintiff Vera Puls and two separate federal tax liens of defendant United States. Turrentine petitioned for bankruptcy in connection with his personal assets and obligations in March 1970.

Plaintiff commenced non-judicial foreclosure proceedings on the Turrentine property pursuant to a power of sale in the deed of trust secured by the property in the fall of 1971. Title Insurance and Trust Company, which handled the foreclosure for plaintiff, sent the Director of Internal Revenue on October 1, 1971 by certified mail a letter noticing the trustee's sale for October 15, 1971. Richard Warn, an employee of Title Insurance and Trust Company, sent the Director of Internal Revenue on October 8, 1971 by regular mail a second letter postponing the sale to November 1, 1971. Plaintiff purchased the property at the rescheduled trustee's sale on November 1, 1971.

Plaintiff offers the affidavit of Richard Warn as a supplement to the stipulated set of facts. The affidavit states that Warn, after mailing the first letter of notice, realized that the company had failed to provide sufficient notice to the government; that he phoned R. Jack Lucas, Advisor of the Special Procedures section of the San Francisco office of the Internal Revenue Service, to discuss notice; that Lucas orally and specifically agreed that if the contemplated sale were postponed from October 15, 1971 to November 1, 1971, the Service would consider the notice of sale proper; and that he mailed the second letter of notice as a response to the government's representation.

Defendant does not stipulate to the facts alleged in the Warn affidavit. Defendant's employee, R. Jack Lucas, in a deposition does not contradict the Warn version, since he has no recollection of a phone call allegedly made more than two

years ago. However, Lucas does challenge the implicit assumption that he had either the authority or the inclination to waive statutory notice requirements by phone.

## DISCUSSION

Plaintiff and defendant agree that the trustee's foreclosure sale satisfied all procedural requirements and regulations necessary to extinguish the government's interest in the property other than the procedural requirement of timely notice. The parties only disagree on the questions of the legal efficacy of plaintiff's two letters in furnishing defendant with notice and of the legal effect of the representations allegedly made by defendant's employee to plaintiff. Thus, in considering the parties' respective motions for summary judgment, this court need only determine 1) whether plaintiff complied with the statutory requirement of timely notice and 2) whether the doctrine of equitable estoppel precludes defendant's raising the issue of timely notice as a defense to plaintiff's action.

For the purposes of this discussion, this court views both the facts and the inferences to be drawn from the facts in a light most favorable to plaintiff. See United States v. Diebold, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962).

### 1. Notice

26 U.S.C. § 7425(b) provides that a sale of property on which the United States has a lien, made pursuant to an instrument creating a lien on the property—

> shall . . . be made subject to and without disturbing such lien . . . if notice of such lien was filed . . . in the place provided by law for such filing . . . more than 30 days before such sale and the United States is not given notice of such sale in the manner prescribed in subsection (c)(1) . . .

Plaintiff and defendant agree that the United States held valid liens against the Turrentine property which had been filed more than 30 days prior to the trustee's sale. They also agree that the sale by Title Insurance and Trust Company of the property was made pursuant to an instrument creating a lien on the property. Therefore, the trustee's sale would not affect the government's liens unless plaintiff provided defendant with the notice prescribed by statute.

26 U.S.C. § 7425(c)(1) provides that notice of a sale of property to which 26 U.S.C. § 7425(b) applies—

> . . . shall be given (in accordance with regulations prescribed by the Secretary or his delegate) in writing, by registered or certified mail or by personal service, not less than 25 days prior to such sale, to the Secretary or his delegate.

26 C.F.R. § 400.4–1 provides the regulations prescribed by the Secretary concerning the notice requirements for a nonjudicial sale of property of the type in question in this case. 26 C.F.R. § 400.4–1(c) specifies that notice shall be given "in writing by registered or certified mail or by personal service, not less than 25 days prior to the date of sale" and, thus, repeats the basic language of the statutory scheme. 26 C.F.R. § 400.-4–1(f) delineates the proper content of the notice of sale, specifically requiring a taxpayer to furnish detailed information concerning the taxpayer, the property, and the nature of the proposed nonjudicial sale.

Plaintiff, through the Title Insurance and Trust Company, sent the first notice of the sale to defendant in a letter dated October 1, 1971. This notice contained the information required by 26 C.F.R. § 400.4–1(f). However, the notice announced the sale for October 15, 1971 and, thus, failed to comply with the 25 day notice requirement of 26 C.F.R. § 400.4–1(c). Clearly, the first notice does not satisfy the statutory requirements as amplified by the regulations.

Plaintiff, allegedly after the phone conversation with the Internal Revenue Service official, mailed a second notice

in a letter sent by regualr mail and dated October 8, 1971. This notice did not provide the information required by the regulations and was not sent by special mail: plaintiff obviously intended the brief letter to be merely a modification of the date of sale presented in the first, more complete, letter. Also, this notice did not give defendant 25 days notice of the nonjudicial sale. The second notice, then does not meet the statutory requirements.

Plaintiff asks this court to consider the two notice letters together in determining whether plaintiff met statutory and regulatory requirements. In essence, plaintiff contends that Title Insurance and Trust Company provided defendant with full information in a series of communications which began October 1, 1971—more than 25 days before the November 1, 1971 sale. Plaintiff's argument fails for a single reason. At no time did plaintiff furnish defendant with proper notice of the correct date of the nonjudicial sale at least 25 days in advance.

Plaintiff attempts to escape the legal effect of the failure to give timely notice in two ways. First, plaintiff notes that the regulations provide for the amendment of a first notice through the use of a less detailed second notice. See 26 C.F.R. § 400.4–1(c)(2). However, a close reading of the regulations indicates that such amendment is effective only if the original notice fully complied with the requirements of the regulations. See 26 C.F.R. § 400.4–1(c)(2)(i). Thus, plaintiff cannot bootstrap two ineffective notices into one effective notice of sale. Second, plaintiff contends that the regulations require the District Director of the Internal Revenue Service to inform a taxpayer of any deficiencies in the notice and that the District Director's failure to inform plaintiff in the present case cures any defects in her notice. However, a reading of the relevant regulation clearly shows that the District Director need only act if the taxpayer originally provided timely notice. Thus, the regulation provides no support

for plaintiff's position since the company never provided timely notice.

At first glance, this court's finding that plaintiff failed to provide adequate notice in order for the sale to extinguish defendant's interest in the property might appear unduly harsh—especially since the facts, viewed in a light favorable to plaintiff, show that defendant had at least, if not more than, 24 days actual notice. However, this court cannot ignore the clear language of the statutory command. Congress enacted Section 109 of the Federal Tax Lien Act of 1966—26 U.S.C. § 7425—as an amendment to the Internal Revenue Code of 1954 with the specific purpose of regulating, and preventing, the discharge of government liens through taxpayer manipulation of nonjudicial sales of property. The Senate's report on the amendment specifically states that—

> Where foreclosures covered by [26 U.S.C. § 7425] are made without proper notice to the Government, the bill provides that this does not affect the Government's claim under a tax lien
>
> . . ..

See, generally, U.S.Cong. and Admin. News, 89th Cong., 2nd Sess., Vol. 3, 3722, 3749 (1966). This court cannot substitute its notions of what constitutes adequate notice for the type of nonjudicial sale in question where the national legislature, in response to specific tax collection problems thoroughly researched and considered, has articulated in clear language in statutory form what equals necessary notice. The court hesitates to tamper with the legislative scheme.

### 2. Equitable Estoppel

Plaintiff argues that the doctrine of equitable estoppel precludes defendant's raising the issue of timely notice as a defense. Plaintiff alleges facts concerning the company's communications with the Internal Revenue Service which indicate that an official of the Service represented that the second notice, coupled with the first notice, would satisfy all procedural requirements. Plaintiff

argues that she had no contrary knowledge, reasonably relied on the misrepresentation of the agent, and, as a result, suffered unconscionable injury, and that proof of these elements make out a case for invocation of the doctrine of equitable estoppel. Plaintiff's representation of no contrary knowledge may appear weak in the face of the statute's and the regulations' clear prescriptions, but, in any event, the facts of the case do not justify the use of the doctrine of estoppel by this court.

"It is well settled that the doctrine of equitable estoppel, in proper circumstances, and with appropriate caution, may be invoked against the United States in cases involving internal revenue taxation." Simmons v. United States, 308 F.2d 938, 945 (5th Cir. 1962). Thus, the doctrine has been invoked in cases in which the misrepresentations of administrative officials concerning *factual* matters have injured a taxpayer. See, *e. g.*, Smale and Robinson, Inc. v. United States, 123 F.Supp. 457 (S.D.Cal.1954). Also, the doctrine has been used in cases in which a government determination forces a *disinterested* third party to make an irreversible legal action. See, *e. g.*, Schuster v. C. I. R., 312 F.2d 311 (9th Cir. 1962).

■ However, it is also well settled that the doctrine of equitable estoppel does not apply in tax cases involving government representations concerning questions of *law*. Automobile Club of Michigan v. Commissioner, 353 U.S. 180, 77 S.Ct. 707, 1 L.Ed.2d 746 (1957). "[T]he Commissioner is empowered retroactively to correct mistakes of law in the application of the tax laws to particular transactions . . . even where a taxpayer may have relied to his detriment on the Commissioner's mistake." Dixon v. United States, 381 U.S. 68, 72–73, 85 S.Ct. 1301, 1304, 14 L.Ed.2d 223 (1965). A fortiori, "the United States does not lose its revenue because of the erroneous ruling of an administrative official." Martin's Auto Trimming, Inc. v. Riddell, 283 F.2d 503, 506

(9th Cir. 1960). "Obviously, Congress's legislative authority should not be readily subordinated to the action of a wayward or unknowledgeable administrative official." Schuster v. C. I. R., *supra* 312 F.2d at 317.

■ The facts of the present case do not justify this court's invocation of the doctrine of equitable estoppel. Rather, the facts merely depict possible misrepresentations by an administrative official concerning questions of law. Title Insurance and Trust Company allegedly phoned an Internal Revenue Service official for advice concerning the notice requirements of certain statutes and regulations. The official allegedly informed the company that a second notice, resetting a sale date, would conform to the notice requirements. The company allegedly acted in reliance on the official's misrepresentation of the law. These facts describe an unfortunate chain of events in which individuals, seeking to comply with statutory requirements, received incorrect advice concerning questions of law. The facts, clearly, do not justify use of a doctrine only applicable in tax cases *not* involving misrepresentations of questions of law. *E. g.*, Southern Hardwood Traffic Association v. United States, 411 F.2d 563 (6th Cir. 1969), aff'g 283 F.Supp. 1013 (W.D.Tenn.1969); Twitchco, Inc. v. United States, 348 F.Supp. 330, 333 (C.D.Ala.1972); Davar Products, Inc. v. United States, 245 F.Supp. 460, 465 (S.D.N.Y.1965). *Cf.* Bay Sound Transportation Co. v. United States, 410 F.2d 505, 510 (5th Cir. 1969).

## CONCLUSION

An analysis of the notice requirements of the Federal Tax Lien Act of 1966 indicates that plaintiff failed to provide defendant with sufficient notice to extinguish federal tax liens on certain property. A consideration of the judicial application of the doctrine of equitable estoppel suggests that plaintiff's failure to provide sufficient notice can-

not be excused on the ground of government misrepresentation.

Accordingly, plaintiff's motion for summary judgment is hereby denied, and defendant's motion for summary judgment is hereby granted.

So ordered.