COLORADO PROPERTY ACQUISITIONS, INC., Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 86–F–2154.

United States District Court, D. Colorado.

Aug. 3, 1987.

John F. Hensley, Boulder, Colo., for plaintiff.

Robert N. Miller, U.S. Atty., Colleen L. Conlin, Asst. U.S. Atty., Denver, Colo., Mark G. Fraase, Tax Div., U.S. Dept. of Justice, Washington, D.C., for U.S.

## ORDER ON CROSS–MOTIONS FOR SUMMARY JUDGMENT

SHERMAN G. FINESILVER, Chief Judge.

THIS MATTER comes before the Court on Cross-Motions for Summary Judgment.

Such motions authorize the Court to assume there is no evidence which must be considered other than evidence which has been filed by the parties. *Harrison Western Corp. v. Gulf Oil Co.*, 662 F.2d 690, 692 (10th Cir.1981); *United States v. State of Colorado*, Action No. 85–F–974, slip op. at 2 (D.Colo. December 10, 1986). The motions having been fully briefed and reviewed by the Court, we hereby GRANT plaintiff's motion for summary judgment and DENY defendant's motion. Judgment shall enter in favor of plaintiff.

## I. Background

In 1982, United Bank of Boulder loaned approximately $32,000 to Douglas T. Vargas. Repayment of the loan was secured by a Deed of Trust encumbering Lot 10, Block 3, Cottonwood Lakes Filing No. 2, Adams County, Colorado, also known as 3601 Dyanna Drive, Thornton, Colorado. The Deed of Trust was recorded on May 24, 1982, at Book 2646, Page 520 of the records of the Adams County Clerk and Recorder.

On May 18, 1983, the Department of the Treasury, Internal Revenue Service, recorded a Notice of Federal Tax Lien on the same property encumbered by the Deed of Trust. The Notice named Douglas T. Vargas as the taxpayer, and claimed an interest in the subject property.

Mr. Vargas failed to make payments to United Bank of Boulder as required. In January, 1986, the bank commenced foreclosure on the Deed of Trust. On January 2, 1986, the Adams County Public Trustee's Office sent notice of the public trustee's sale and notice of rights to cure and redeem to the IRS. Notice was sent by regular mail.

The public trustee's sale was held on February 26, 1986. The United Bank of Boulder was the successful bidder, and received the public trustee's certificate of purchase. United Bank of Boulder subsequently assigned the public trustee's certificate of purchase to plaintiff.

The IRS did not notify the public trustee of any deficiency in the notice sent to the IRS. Nor did the IRS redeem the property. Rather, defendant relies on the asserted inadequacy of the notice to preserve its tax lien.

## II. Efficacy of Notice

The IRS asserts and plaintiff concedes that the notice of public trustee's sale did not comply with all requirements of 26 U.S.C. § 7425 and 26 C.F.R. § 301.7245. Specifically: (1) the notice did not specifically identify the internal revenue district where the property was located or the date and place of filing of the notice as required by 26 C.F.R. § 301.7425–3(d)(1); and (2) the notice was not delivered in person or by registered or certified mail, as required by 26 U.S.C. § 7425(c). The IRS does not contend it never received notice of the sale; the IRS asserts instead that it did not receive *adequate* notice.

Defendant avers the deficiencies in the public trustee's notice are fatal. Improper notice, defendant maintains, is effectively no notice at all. Therefore, pursuant to 26 U.S.C. § 7425(b)(1), the sale was subject to the tax lien. Defendant suggests the sale satisfied and therefore extinguished plaintiff's lien. If we accept defendant's argument, then, the IRS lien has jumped in priority over the earlier-filed deed of trust.

Plaintiff maintains that while the notice was technically deficient, the IRS waived the deficiencies by failing to notify the public trustee of its error.[1] Therefore, plaintiff contends the IRS' failure to act extinguished its lien.

Given the circumstances of this case, we agree with plaintiff. 26 C.F.R. § 301.7425–3(d)(2) provides:

In any case where the person who submitted a timely notice which indicates his name and address does not receive, more than 5 days prior to the date of the sale, written notification from the district director that the notice is inadequate, the

---

1. Plaintiff also argues its lien remains in effect despite the sale, and suggests the lien remains prior in right to defendant's. Given our disposi-

tion of the remaining arguments, we need not address these issues.

notice shall be considered adequate for purposes of this section.

The waiver provision guards against unfairly strict application of the technical requirements of 26 U.S.C. § 7425(c).

The notice provisions in the Internal Revenue Code tax lien statute are calculated to ensure the IRS has adequate opportunity to preserve its liens. The public interest in such provisions is obvious. Here, however, the IRS had actual notice of the foreclosure sale. The notice contained all facts necessary for the IRS to take proper action. In essence, the IRS claims when it receives a technically deficient notice of sale, it need not act, but may assert its lien rights and eradicate the effect of a trustee's sale at any time. The IRS' inaction would disrupt the orderly disposition of properties posted as security and would throw a wrench in the state statutory foreclosure process. Such interference in state-created foreclosure rights will not be allowed where, as here, the IRS had ample opportunity to protect the taxpayers' interest in the property. To allow the IRS to rely on technical noncompliance with the notice requirement and thereby stymie the normal foreclosure process would itself thwart the public interest.

The IRS cites our case *United States v. State of Colorado,* Action No. 85–F–974, slip op. (D.Colo. December 10, 1986) and Judge Kerr's case *Title Guaranty Co. of Wyoming, Inc. v. Internal Revenue Service,* 667 F.Supp. 767, (D.Wyo.1987) in support of its argument. We agree that "[a] mortgagee which fails to give notice to the IRS pursuant to section 7425(c) and which then purchases the subject property at its foreclosure sale, is deserving of the harsh results anticipated and mandated by [the Code in section 7426]." *United States v. State of Colorado,* at 3–4. However, the IRS reads our holding and Judge Kerr's holding too broadly. The mortgagee (United Bank, plaintiff's predecessor in interest) did not fail to give notice in this case; it failed to give notice in technical compliance with section 7426(c). The technical deficiencies were waived, and the IRS failed to redeem or otherwise protect its interest in the property. As such, title is not subject to the tax lien. Plaintiff is entitled to proceeds of the sale consummated pursuant to the parties' stipulation approved February 12, 1987.

### III. Conclusion

ACCORDINGLY, plaintiff's Motion for Summary Judgment is GRANTED, and defendant's Motion for Summary Judgment is DENIED. The Clerk of the Court is DIRECTED to enter judgment in favor of plaintiff; each party is to bear its own costs.