Craig R. GARRETT and Kendra J. Garrett, Plaintiffs,

v.

INTERNAL REVENUE SERVICE, United States of America, and Capitol Federal Savings and Loan Association of Denver, Defendants.

Civ. A. No. 87–F–731.

United States District Court, D. Colorado.

April 26, 1988.

Gary B. Reimer, Colorado Springs, Colo., for plaintiffs.

Dahil D. Goss, Sp. Asst. U.S. Atty., Denver, Colo., Mark G. Fraase, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant U.S.

Jon M. Zall, Denver, Colo., for defendant Capitol Federal Sav. and Loan Ass'n.

ORDER

SHERMAN G. FINESILVER, Chief Judge.

THIS MATTER comes before the court on cross motions for summary judgment filed by the parties. Defendant Internal Revenue Service ("IRS") filed its motion for partial summary judgment on March 22, 1988. Defendant Capitol Federal Savings and Loan Association of Denver ("Capitol Federal") filed its motion for summary judgment on March 23, 1988. Plaintiffs Craig R. Garrett and Kendra J. Garrett ("the Garretts") filed a cross motion for partial summary judgment against de-

---

fendant IRS on March 29, 1988. The court has reviewed the parties' arguments, the response and reply briefs filed, the evidence submitted by the parties, and the statutory and case law relevant to the issues presented. We find that plaintiffs are entitled to summary judgment, and the court GRANTS plaintiffs' motion and DENIES the cross motion of defendant IRS for the reasons set forth below.[1]

## I.

The parties do not dispute the following facts. On March 29, 1978, plaintiffs, husband and wife, purchased the house which is the subject of the action. The real property, described as Lot 25 in Rockrimmon Subdivision, Golden Hills Filing No. 2 in the City of Colorado Springs, excepting therefrom that portion described in Deed recorded in Book 2986 at Page 760, El Paso County, Colorado, is commonly known as 6325 Delmonico Drive, Colorado Springs, Colorado.

In order to purchase the property, the Garretts obtained a purchase money mortgage from Capitol Federal. On June 29, 1978, plaintiffs executed a promissory note and deed of trust for the benefit of the defendant lender in the amount of $67,-600.00. Defendant Capitol Federal recorded the deed of trust with the clerk and recorder, El Paso County, Colorado, on July 6, 1978.

On July 29, 1983, plaintiffs conveyed the subject property to Eric J. Schedeler ("Schedeler") pursuant to warranty deed. Schedeler assumed the first deed of trust and gave a second deed of trust to plaintiffs in the amount of $30,900.00. On May 7, 1984, the IRS made an assessment of $19,379.56 against Eric J. Schedeler for unpaid individual income taxes. The IRS filed a notice of federal tax lien with the clerk and recorder's office for El Paso County, Colorado, on October 19, 1984. As between the parties to this action, the liens against the property existed, at all relevant

times, in the following priority: Capitol Federal first, plaintiffs second, and IRS third.

After Schedeler defaulted on both the first and second deeds of trust, Capitol Federal foreclosed on the property. On December 5, 1985, the public trustee held a foreclosure sale. Capitol Federal bid the amount of its first deed of trust and received a certificate of purchase from the public trustee. Plaintiffs redeemed the subject property on February 19, 1986, and received a public trustee's deed on April 8, 1986.

Plaintiffs filed this action to quiet title to the property on May 20, 1987. They seek an injunction preventing the IRS from asserting its lien against the property. Plaintiffs' complaint asserts, in the alternative, that Capitol Federal was negligent in handling the foreclosure proceeding. Plaintiffs also allege alternative causes of action against Capitol Federal for fraudulent misrepresentation and unjust enrichment.

## II.

The parties move the court to enter summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The court will grant summary judgment under Rule 56 if there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Summary judgment assures the inexpensive and speedy determination of lawsuits where a party fails to make a showing sufficient to establish the existence of an element essential to that party's case. Once a properly supported summary judgment motion is filed, the opposing party may not rest on the allegations contained in its pleadings but must respond with specific facts, in affidavits or otherwise, showing the existence of a genuine factual issue to be tried. *Wren v. Heckler*, 744 F.2d 86 (10th Cir.1984). Recently, the Supreme Court sanctioned more

---

1. Because the court holds that plaintiffs are entitled to judgment as a matter of law against defendant IRS, the court need not decide the motion of defendant Capitol Federal. Defendant Capitol Federal supports plaintiffs' motion for partial summary judgment against defendant IRS. The remainder of Capitol Federal's motion, pertaining to plaintiffs' alternative claims against it, is moot.

liberal use of summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The government moves for partial summary judgment in its favor. The IRS asserts, and plaintiffs concede, that the notice of the public trustee's sale did not comply with all requirements of 26 U.S.C. § 7425 and 26 C.F.R. § 301.7425. Specifically, the government points out that it did not receive notice of the public trustee's sale by registered or certified mail or by personal service, as required by 26 U.S.C. § 7425(c)(1). Rather, the IRS received notice by regular mail prior to the sale. The government also argues that the notice did not specifically identify the taxpayer, Eric J. Schedeler. The IRS therefore concludes that its lien remains in effect despite the foreclosure sale.

Initially, the court notes that IRS cannot contend that it never received any notice of the sale. In fact, the evidence tendered by the parties demonstrates that at least three separate notices were mailed to the IRS in this case. However, the IRS claims that it did not receive adequate notice under the statute and that its lien therefore is preserved pursuant to 26 U.S.C. § 7425(b)(1).

Plaintiffs contend that, while the notices were technically deficient, the IRS waived the deficiencies by failing to notify the public trustee of its error pursuant to 26 C.F.R. § 310.7425-3(d)(2). That regulation provides:

> In any case where the person who submitted a timely notice which indicates his name and address does not receive, more than 5 days prior to the date of the sale, written notification from the district director that the notice is inadequate, the notice shall be considered adequate for purposes of this action. *Id.*

This court has interpreted the statutory waiver provision most recently in *Colorado*

*Property Acquisitions, Inc. v. United States of America*, 665 F.Supp. 878 (D.Colo.1987), *appeal docketed*, No. 87-2564 (10th Cir. Oct. 26, 1987). There we found that the regulation prevents an unfairly strict application of the technical requirements set forth in section 7425(c). *Colorado Property Acquisitions*, 665 F.Supp. at 880.

The IRS does not dispute the fact that it did not notify the public trustee of any deficiency in the notice sent to it. Nor did the IRS redeem the property. However, the IRS received actual notice of the foreclosure sale several times, and those notices contained all the facts necessary for the government to take proper action. We believe, therefore, that our reasoning in *Colorado Property Acquisitions* applies squarely to the facts of this case, and that the principles set forth therein are dispositive in this action to quiet title.[2] Defendant IRS waived any technical deficiencies in the notices by failing to inform any person of the inadequacies in the notices. Thus, plaintiffs' title is not subject to the tax lien.

Defendant IRS argues, however, that since the notices were not served in the manner required by section 7425(c)(1), the notices did not rise to the level of "notice" to which the district director must respond pursuant to 26 C.F.R. § 301.7425-3(d)(2). Based upon the clear language of the statute and the regulations promulgated thereunder, the court is not persuaded to adopt the defendant's version of the statutory waiver scheme. To do so, we would have to find that Congress intended that the IRS need not respond to notice which is so inadequate as to not be inadequate notice. The court declines to rewrite the regulations to reach such a result. Accordingly,

Plaintiffs' motion for partial summary judgment is GRANTED, and the cross motion of defendant IRS for partial summary judgment is DENIED.

---

**2.** In that case, as here, the notice of public trustee's sale was technically deficient in that it was not delivered in person or by registered or certified mail. The government also claimed that the notice did not specifically identify the district where the property was located or the

date and place of filing notice, as required by 26 C.F.R. § 301.7425-3(d)(1). We determined that the IRS waived the minor deficiencies by failing to notify the public trustee of its errors pursuant to the regulation.

The court is in receipt of defendant Capitol Federal's motion to stay proceedings and strike trial, filed April 25, 1988. The motion is DENIED. The parties are DIRECTED to file a stipulated proposed order disposing of the remaining claims in this action no later than May 6, 1988.