Connor F. Schmid, Mackall, Crounse & Moore, Minneapolis, Minn., for plaintiff.

Mark G. Fraase, Tax Div., Dept. of Justice, Washington, D.C., for defendant.

**In the Matter of the Petition of the ESTATE OF Vernon J. OSKEY, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. No. 3–86–0042.

United States District Court, D. Minnesota, Third Division.

April 28, 1988.

## MEMORANDUM AND ORDER

MAGNUSON, District Judge.

The plaintiff originally filed this petition in Hennepin County District Court on December 12, 1985 as a proceeding subsequent following foreclosure. On September 11, 1984, the plaintiff had foreclosed on certain real property belonging to William and Doris Scarborough. The plaintiff was the second mortgagee, and foreclosed on the property subject to a first mortgage

held by Twin City Federal Savings and Loan Association. The period of redemption having expired six months after the foreclosure, this petition was brought to obtain a certificate of title free of the discharged encumbrances.

Two federal tax liens had been filed against William Scarborough, and encumbered the property. These liens were junior to the Oskey mortgage. The United States ("IRS") received notice of the proceeding subsequent and removed this action to federal court pursuant to 28 U.S.C. § 1444. By its answer to the petition, the IRS denies that the plaintiff is entitled to a discharge of the federal tax liens.

This matter is now before the court on the cross-motions of the parties for summary judgment. The essential facts are not in dispute. It is the legal significance of those facts which is at issue. For the reasons stated below, the court grants the plaintiff's motion for summary judgment and denies the defendant's motion for summary judgment.

## FACTS

On July 13, 1967, William and Doris Scarborough acquired, as joint tenants, real property located in Hennepin County, Minnesota, and legally described as follows:

> That part of Lot 3 lying Southwesterly of a line drawn parallel with and distant 20 feet northeasterly of the Southwesterly line of said lot; and Lot 4, Lampe's Rearrangement of Lots 27 thru 33, Block 7, Southdale First Addition, according to the plat thereof on file and of record in the office of the Registrar of Titles in and for said Hennepin County.

On May 16, 1978, the Scarboroughs executed a Power of Sale Mortgage on the property in favor of Vernon J. Oskey. The unpaid principal on the mortgage, at the time of foreclosure, amounted to over $73,500.

The IRS recorded Notices of Federal Tax Liens against William Scarborough at the above described property. These liens were filed in Hennepin County as follows:

| Lien No. | Amount | Filing Date | Doc. No. |
|---|---|---|---|
| 36412 | $44,042.16 | 4/18/83 | 4785835 |
| 37454 | $37,555.16 | 7/20/83 | 4810455 |

The plaintiff instituted non-judicial foreclosure proceedings pursuant to the power of sale. A Notice of Mortgage Foreclosure Sale was personally delivered to the Director of Internal Revenue, Special Procedures Section ("SPS"), on July 5, 1984. The notice contained the sale date, principal amount, specific property, name of taxpayer, and name of foreclosing attorney, Herbert Lefler. The notice omitted the address of the foreclosing attorney and information on the specific tax liens.

Someone at SPS located their copy of one of the tax liens against Scarborough. James Eliason, an assistant tax examiner, then determined that the notice of foreclosure was inadequate because it failed to provide the address of the foreclosing attorney. He determined, after consulting his supervisor, that this omission made the notice "inadequate for all purposes." This determination relieved the IRS of any duty to notify attorney Lefler of the inadequate notice. It also made the July 5 notice, from the perspective of the IRS, tantamount to no notice, and therefore ineffective against the Scarborough tax liens. Eliason closed the file on July 10, 1984.

The foreclosure sale was held on September 11, 1984. The plaintiff bid in the amount of its mortgage and costs of sale.

The notice of foreclosure delivered to SPS from Lefler was not the IRS's only information on the Oskey foreclosure. In July 1983, one year prior to the filing of the notice, Richard Wallin, the IRS collection officer responsible for Scarborough's file, contacted William Scarborough to obtain a collection information statement.

Then, in February 1984, Scarborough told Wallin that the Oskey mortgage was about to be foreclosed. On April 25, 1984, Wallin met with attorney Lefler at Lefler's office. Wallin was advised that the foreclosure procedure was underway. His search of the records revealed three mortgages ahead of the federal liens, and he concluded that the tax liens had no distraint value.

424

On September 12, 1984, the day after the sale, Scarborough informed revenue officer Wallin that the foreclosure had occurred. Wallin noted in his log that the "redemption period will be up 3–11–85."

## ANALYSIS

■ The court must decide whether attorney Lefler fulfilled his obligation to notify the IRS of the impending foreclosure under the provisions of 26 U.S.C. § 7425(b). If he did, then the plaintiff is entitled to a certificate of title cleared of the federal tax liens because the IRS failed to redeem those liens. If he did not, then those liens were not discharged, and still encumber the property.

Section 7425 of the Internal Revenue Code sets out the requirements for discharging an inferior federal tax lien through foreclosure and sale under local law. It was enacted as a part of the Federal Tax Lien Act of 1966. Pub.L. No. 89–719, Title 1, § 109, 80 Stat. 1141. Congress, in enacting this legislation, found that federal tax liens were not sufficiently protected from discharge by foreclosing senior lien holders. To remedy this, section 7425 requires that the IRS be given timely notice of foreclosure proceedings. "The requirement of notice gives the Government an opportunity to review its position and determine the appropriate action without placing an undue burden on a foreclosing creditor." H.Rep. No. 1884, 89th Cong., 2d Sess, U.S.Code Cong. & Admin. News p. 3722 (1966), *reprinted in* 1966–2 C.B. 815, 832–33.

Section 7425(b) provides that a foreclosure sale will not disturb a federal tax lien unless the IRS is given proper notice. According to the statute, the notice of sale "shall be given (in accordance with regulations prescribed by the Secretary) in writing, by registered or certified mail or by personal service, not less than 25 days prior to such sale, to the Secretary." I.R.C. § 7425(c)(1).

The relevant regulation requires, *inter alia*, that the notice contain the name and address of the person submitting such notice. Treas.Reg. § 301.7425–3(d)(1). If the notice is inadequate, the regulations require the IRS to notify the person who submitted the notice of the inadequate items. However, "[a] notice of sale which does not contain the name and address of the person submitting such notice shall be considered to be inadequate for all purposes without notification of any specific inadequacy." Treas.Reg. § 301.7425–3(d)(2).

The instant notice also omitted certain information related to the particular tax liens. However, the IRS does not contend that this omission relieved the IRS of the duty to notify the foreclosing attorney of inadequacies in the notice.

The case law is well settled that failure to provide timely notice of foreclosure to the IRS will not disturb a federal tax lien. Timeliness is not an issue in this case. The question here is whether the failure to include an address on the notice of foreclosure renders that notice "inadequate for all purposes." Or, more to the point, the question is whether failure to provide that address leaves a federal tax lien intact after foreclosure.

The IRS contends that, though the notice was timely, the failure to provide the foreclosing attorney's address made the notice fatally inadequate. Accordingly, the IRS maintains that its obligation to notify the attorney of inadequacies in the notice never arose. The IRS asserts that a foreclosure notice without an address is, effectively, no notice. Therefore, the IRS should be entitled to ignore such notices.

There are no cases directly addressing the issue of notice under I.R.C. § 7425(b) which is inadequate for all purposes. However, there are cases addressing the duty of the IRS to notify the foreclosing party of an inadequate notice. "The obligation to inform a party of inadequate notice is triggered only when the taxpayer originally provided timely notice and the notice itself is inadequate." *A.H. and R.S. Coal Corp. v. United States,* 461 F.Supp. 752, 756 (W.D.Pa.1978) (federal tax lien on personal property not divested by untimely actual notice to IRS). *Accord, Puls v. United States,* 387 F.Supp. 760, 763 (N.D.Cal.1974)

("The District Director need only act if the taxpayer originally provided timely notice.") If the notice is timely, but inadequate, the IRS must notify the foreclosing party of that inadequacy.

The IRS is asking this court to go one step further by absolving it of the duty to provide notice of inadequacy when the foreclosure notice, even though timely, omits an address. The IRS made a similar argument in *Colorado Property Acquisitions, Inc. v. United States*, 665 F.Supp. 878 (D.Colo.1987). There the IRS asserted that, though the notice was timely received, it was inadequate because it failed to identify the district where the property was located and the notice was delivered by regular mail. The IRS did not provide any notice of inadequacy to the foreclosing party.

The court rejected the IRS' argument that improper notice was no notice, and held that the tax liens were discharged. "The technical deficiencies were waived, and the IRS failed to redeem or otherwise protect its interest in the property." *Id.* at 880.

Again, the IRS is asking this court to go the next step. Not only does the IRS argue that the instant notice is inadequate, as the IRS argued in *Colorado Property,* but here the IRS argues that the notice is inadequate for all purposes. The case turns on the application of one sentence in an IRS regulation. "A notice of sale which does not contain the name and address of the person submitting such notice shall be considered to be inadequate for all purposes without notification of any specific inadequacy." Treas.Reg. § 301.7425–3(d)(2).

In applying this regulation, the court is guided by the legislative history of section 7425, and also by the observations of Judge Finesilver in *Colorado Property.* According to the House Report, notice gives the IRS the opportunity to review its position "without placing an undue burden on a foreclosing creditor." H.Rep. No. 1884, *supra,* 1966–2 C.B. at 833. The IRS is asking this court to adopt an interpretation of the regulation which places an unwarranted

burden on a foreclosing creditor. The failure to include the address of attorney Lefler in no way compromised the ability of the IRS to review its position. The IRS received timely actual notice of the foreclosure sale both through receipt of the notice itself and through the investigation of revenue officer Wallin. Tax examiner Eliason regularly used the telephone book to contact attorneys regarding foreclosure sales. His refusal to use the telephone book in this instance is merely rude and unjustifiable.

The regulation itself is reasonable. The IRS should not be expected to review tax lien foreclosures without knowing who the foreclosing party is. But an overly strict interpretation of this regulation defeats the purpose of the underlying statute.

As in *Colorado Property:*
> The IRS' inaction would disrupt an orderly disposition of properties posted as security and would throw a wrench in the state statutory foreclosure process. Such interference in state-created foreclosure rights will not be allowed where, as here, the IRS had ample opportunity to protect the taxpayers' interest in the property. To allow the IRS to rely on technical noncompliance with the notice requirement and thereby stymie the normal foreclosure process would itself thwart the public interest.

665 F.Supp. at 880.

The attorney representing the IRS before this court also represented the IRS in the *Colorado Property* case. As an officer of the court, he has a duty to bring relevant case law to the attention of the court and, if adverse, to attempt to distinguish it. Given the dearth of opinions on the issue of inadequate notice under section 7425, it is beyond dispute that *Colorado Property* is relevant to the issue before this court. The failure of counsel for the IRS to inform the court of that opinion is a breach of his sworn responsibilities. That failure is also a breach of his duty, as a representative of the IRS, to represent the best interests of the taxpayers.

The court holds that the two federal tax liens filed against William Scarborough and

encumbering this property have been discharged, under the terms of I.R.C. § 7425, by the failure of the IRS to redeem the property after receiving timely notice of the foreclosure sale. The plaintiff is, therefore, entitled to a certificate of title free of those federal tax liens.

Accordingly, IT IS ORDERED that:

1) the plaintiff's motion for summary judgment is GRANTED; and

2) the defendant's motion for summary judgment is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.