## LYLE v. UNITED STATES.
### Civ. A. No. 392.

District Court, N. D. Georgia,
Gainesville Division.

Feb. 2, 1948.

Joe K. Telford, of Gainesville, Ga., Randolph W. Thrower and Sutherland, Tuttle & Brennan, all of Atlanta, Ga., for plaintiff.

Theron Lamar Caudle, Asst. Atty. Gen., Andrew D. Sharpe, and Lyle M. Turner, Sp. Assts. to Atty. Gen., J. Ellis Mundy, U. S. Atty., and Harvey H. Tisinger, Asst. U. S. Atty., both of Atlanta, Ga., for defendant.

RUSSELL, District Judge.

This case was tried by the Court without a jury.

The facts are not in dispute and have been stipulated by the parties, and are found in accordance with the stipulation as follows:

The plaintiff, Charles M. Lyle, is a citizen of the United States residing at Gainesville, Hall County, Georgia.

During the period from December, 1942, to May, 1943, inclusive, the plaintiff, doing business as the C. M. Lyle Construction Company, was engaged in the construction of airfields at Tifton, Georgia, and Dublin, Georgia; and as a part of and incidental to the grading and leveling of such airfield, plaintiff employed a subcontractor to use the trucks of said subcontractor to receive earth from the grading shovel and to move this earth from the shovel to the dump or fill, all operations being within the boundaries of the particular airport under construction and all such operations being a part of and incidental to the leveling, grading and construction of the airport. The drivers of said trucks were employed and paid by the subcontractor. The trucks required to be used by the subcontractor were dump trucks, and an essential function of the trucks in the operation of leveling and grading was the dumping of the earth. Each truck spent approximately 40 minutes in moving and dumping earth out of every hour for which a payment was made to the subcontractor at the hourly rate. The excavation and haul of earth was on the same field and within the boundaries of the airport under construction and did not average more than 1,500 feet per trip where the excavation and grading operations were in close proximity to each other, the movement of earth was accomplished by the plaintiff with his machines and not by the subcontractor Bertram. The plaintiff paid the subcontractor at the rate of $2.75 per truck, per hour, for the use of the trucks and drivers, the payments for the entire period totaling $38,195.47.

In 1943, the Commissioner of Internal Revenue made an assessment against plaintiff in the amount of $1,214.40, representing a transportation tax of $1,145.88 based on 3% of the amount paid by plaintiff to his subcontractor for services described in Paragraph Number 2 above, plus interest of $11.27 and penalty of $57.25, which amount of $1,214.40 was paid under protest by plaintiff to the Collector of Internal Revenue at Atlanta, Georgia, on January 8, 1944.

Claim for refund on the ground stated herein was filed with the Collector of Internal Revenue at Atlanta, Georgia, on May 9, 1944, and said claim was rejected by the Commissioner of Internal Revenue on August 17, 1944.

### Conclusions of Law

The transactions as set forth in the findings of fact did not constitute transporta-

tion of property from one point in the United States to another, within the meaning of Section 3475 of the Internal Revenue Code, 26 U.S.C.A.Int.Rev.Code, § 3475, and the payment of an hourly rental for dump trucks used only within the confines of the airfield being leveled, and as an incident of the grading and leveling of such airfield, was not a payment for the transportation of property within the terms of the statute just cited. Neither the statute, nor the regulations issued pursuant thereto, either expressly or by fair implication, evidence any applicability to transactions of the kind now under consideration, but, on the contrary, evidence intent to subject to tax liability payments made for transportation in the manner and by the means specified as the language employed is commonly understood in the light of present day transportation practices and custom. The hauling of dirt by dump trucks hired upon an hourly basis, which are used exclusively in the leveling of an airfield, and within its confines only, presents none of the elements of transportation as that term is generally understood.

While the construction of the statute by the Commissioner of Internal Revenue is entitled to weight, in this case his determination does not appear correct to this Court.

The complainant is entitled to recover, as prayed, the taxes paid under protest, and judgment therefor may be presented after notice.