**JOHN J. CASALE, Inc. v. UNITED STATES.**

**No. 48642.**

United States Court of Claims.

Oct. 3, 1949.

Motion for New Trial Overruled Nov. 7, 1949.

Robert H. McNeill, Washington, D. C. (T. Bruce Fuller, Washington, D. C., on the brief), for plaintiff.

John W. Hussey, Washington, D. C., Theron Lamar Caudle, Asst. Atty. Gen. (Andrew D. Sharpe, Washington, D. C., on the brief), for defendant.

Before JONES, Chief Judge, and LITTLETON, HOWELL, MADDEN, and WHITAKER, Judges.

LITTLETON, Judge.

The question in this case is whether plaintiff was engaged in transporting property for hire within the meaning of Section 3475(a) of the Internal Revenue Code, 26 U.S.C.A. § 3475(a), which provides as follows: "There shall be imposed upon the amount paid within the United States after the effective date of this section for the transportation, on or after such effective date, of property by rail, motor vehicle, water, or air from one point in the United States to another, a tax equal to 3 per centum of the amount so paid, except that, in the case of coal, the rate of tax shall be 4 cents per short ton. Such tax shall apply only to amounts paid to a person engaged in the business of transporting property for hire, including amounts paid to a freight forwarder, express company, or similar person, but not including amounts paid by a freight forwarder, express company, or similar person for transportation with respect to which a tax has previously been paid under this section. * * *"

As shown in the findings of fact the plaintiff was engaged in the business of furnishing or "leasing" trucks under contracts with its customers, and, also when desired by its customers, plaintiff furnished drivers for the trucks furnished by it. No tax was collected by defendant on amounts paid to plaintiff by its customers for the rental or hire of trucks for which plaintiff did not furnish a driver. The provisions of the contracts between plaintiff and its customers relating to the furnishing by plaintiff of drivers for the "leased" trucks are set forth in finding 8.

In cases where plaintiff furnished both trucks and drivers to customers plaintiff

selected and hired the drivers, contracted concerning the drivers' working conditions, hours, holidays, vacations, seniority, and rates of pay, with the various drivers' unions having jurisdiction, paid the drivers, and retained to itself the sole right to transfer or discharge them within the terms of its contract with the unions. The drivers were required to report at plaintiff's garages at the beginning of each working day and to return there with the trucks to check out and park the trucks at the end of each day. Plaintiff's dispatchers at the beginning of each working day sent the trucks and drivers to destinations designated by the individual customers. During the working day the drivers operated under directions of the customers as to places to go and times to go, as to loading and unloading, identity and quantity of merchandise to be carried, whether to collect on delivery of merchandise, etc. The drivers were carried only on plaintiff's pay roll and the unions recognized only plaintiff as the employer of the drivers. Plaintiff was registered with the New York State Unemployment Office as the employer of the drivers. Plaintiff paid the drivers on time tickets prepared at plaintiff's garages and added the labor charges to the bills submitted to its customers for services. In addition to those charges, plaintiff billed its customers for the drivers' services an eight per cent over-all fee compensation for the drivers, unemployment compensation for the drivers' unemployment insurance, social security taxes, time clocks and time cards, the costs of making up pay rolls, issuing checks, office services, etc.

The facts show that the drivers furnished to customers with plaintiff's trucks were plaintiff's employees and the custodians of its property while the trucks were in use on business of the customers. Plaintiff furnished all supplies and services requisite and necessary to the operation of the trucks. Plaintiff had the exclusive right, limited only by the terms of its contracts with the unions, to hire and discharge the drivers of the trucks, and it also had, at all times, the general right of direction and control of its trucks and drivers. The provision in the contracts (finding 8), between plaintiff and its customers that "the operation of the said vehicle or vehicles including the activities of such employees shall be under the sole direction and control of the Lessee," had reference to the right of the customers using plaintiff's trucks and drivers, to direct drivers as to property to be transported and as to errands or trips on which the drivers should go during the working day in connection with the business of the customers to whom such drivers had been assigned by plaintiff.

We are of the opinion that plaintiff's activities and business bring it within the spirit and purpose of the taxing statute and that the sum of $4,419.71 paid to it for trucks and drivers during the period December 18 to December 31, 1945, was an amount paid for the transportation of property by plaintiff for hire. The taxing statute is not concerned with the form of the arrangements if the substance of the agreements or arrangements between the parties, when considered as a whole, add up to the transportation by one person of the property of another for hire, and we think that, in this case, the plaintiff's relations with those of its customers to whom it furnished both trucks and drivers, and the services by plaintiff to such customers, for the compensation agreed upon, were substantially those of a contract-carrier engaged in the business of transporting property for hire by motor vehicle. This conclusion was reached by the court in Bridge Auto Renting Corporation et al. v. Pedrick, 2 Cir., 174 F.2d 733, on facts similar in all material respects to the facts in this case, and we agree with the opinion of the court in that case.

Plaintiff is not entitled to recover and its petition is dismissed. It is so ordered.

JONES, Chief Judge, and HOWELL, MADDEN, and WHITAKER, Judges, concur.