**EDWARD HINES LUMBER CO.,**
Plaintiff,

v.

**UNITED STATES of America,**
Defendant.

**No. 54 C 1257.**

United States District Court
N. D. Illinois, E. D.

March 16, 1956.

Joseph J. Fitzgerald, Richard F. Moore, Chicago, Ill., for plaintiff.

Robert Tieken, U. S. Atty., Chicago, Ill., for defendant.

SULLIVAN, District Judge.

This action by the plaintiff Lumber Company seeks to recover amounts which it claims were illegally assessed and collected from it under Section 3475 of the Internal Revenue Code of 1939, 26 U.S. C.A. § 3475. The relevant facts have been stipulated, and both parties have moved for a summary judgment.

The tax was imposed on transportation, under Section 3475, which imposes a tax of 3% on the "amount paid * * for the transportation of property" when the amount is paid "to a person engaged in the business of transporting property for hire".

The stipulated facts show that plaintiff operates a lumber mill in Oregon. It obtains the logs for this mill from adjacent Federal forest lands; the transportation taxed is that of the logs from the forest to the mill. This operation is carried out

by independent contractors who, according to the stipulation, "furnish the trucks, fuel and drivers and pay all expenses in hauling the logs." They are paid a flat rate per thousand board feet for the services performed. "The drivers remain under the direction and control of the truck owner, except that the Plaintiff directs the drivers as to where to pick up their loads and the destination to which they are to be delivered." It is plaintiff's contention that the persons transporting logs under this set of facts are not "engaged in the business of transporting property for hire" and that amounts paid them are accordingly not taxable under Section 3475.

It is not necessary that one make transporting property for hire his sole activity in order to qualify as being "in" that "business". Bridge Auto Renting Corp. v. Pedrick (Metropolitan Distributors v. Johnson), 2 Cir., 1949, 174 F.2d 733, 738. It is necessary only that he be engaged in "carrying on an independent enterprise whereby [he] received goods at one point and provided substantially all the essential equipment and services for carrying those goods to another point for delivery, in return for an over-all compensation". Earle v. Babler, 9 Cir., 1950, 180 F.2d 1016, 1017. The tax is properly imposed when the "arrangements between the parties, when considered as a whole, add up to the transportation by one person of the property of another for hire. John J. Casale, Inc., v. United States, 1949, 86 F.Supp. 167, 114 Ct.Cl. 599, certiorari denied 338 U.S. 954, 70 S.Ct. 492, 94 L. Ed. 589.

Where property is in fact transported for hire, the cases have usually turned on whether the person transporting it is an independent contractor or an employee of the recipient of the service. Earle v. Babler, supra, 180 F. 2d at page 1019; Bridge Auto Renting Corp. v. Pedrick (Metropolitan Distributors v. Johnson) supra, 174 F.2d at page 737. Where property is transported

for hire and an independent contractor is involved, the tax necessarily applies. Getchell Mine, Inc., v. United States, 9 Cir., 1950, 181 F.2d 987, 989; John J. Casale, Inc., supra, 86 F.Supp. at page 168. There is nothing in the instant case to alter this conclusion.

Summary judgment will accordingly be entered in favor of the defendant.