**EDWARD HINES LUMBER CO.,**
**Plaintiff-Appellant,**

v.

**UNITED STATES of America,**
**Defendant-Appellee.**

**No. 11788.**

United States Court of Appeals
Seventh Circuit.

Jan. 4, 1957.

Richard F. Moone, Joseph J. Fitzgerald, John P. Loftus, Chicago, Ill., for plaintiff-appellant.

Charles K. Rice, Asst. Atty. Gen., Karl Schmeidler, Atty., Tax Division, U. S. Dept. of Justice, Washington, D. C., Robert Tieken, U. S. Atty., Chicago, Ill., Lee A. Jackson, Robert N. Anderson, Dept. of Justice, Washington, D. C., for defendant-appellee.

Before DUFFY, Chief Judge, and LINDLEY and SWAIM, Circuit Judges.

SWAIM, Circuit Judge.

The plaintiff, Edward Hines Lumber Co., brought this action to recover from the United States of America the sum of $5,860.43, which the plaintiff contends was illegally assessed and collected from it as transportation tax under Section 3475 of the Internal Revenue Code of 1939, as amended. 56 Stat. 979 (1942), as amended, 26 U.S.C.A. § 3475.

Subsection (a) of Section 3475 provides:

"(a) Tax. There shall be imposed upon the amount paid within * * * the United States for transportation of property by rail, motor vehicle, water, or air from one point in the United States to another, a tax equal to 3 per centum of the amount so paid * * *. Such tax shall apply only to amounts paid to a person engaged in the business of transporting property

for hire, including amounts paid to a freight forwarder, express company, or similar person * * *."

The parties stipulated the following facts: The plaintiff operates a lumber mill and plywood factory in Westfir, Oregon, and the logs for plaintiff's business are obtained from adjacent federal forest lands. Plaintiff purchases the timber from the United States at an agreed amount per thousand board feet. The logs are cut by plaintiff and then skidded to a logging road where they are delivered to trucks owned and operated by independent contractors. The logs are then hauled by the contractors over private roads, located partially on federal forest lands and not public highways, to the mill pond of the plaintiff. Title to the logs remains in the United States until the logs have been transported to the mill pond, sealed and paid for. The individual contractors who furnish the trucks, fuel and drivers pay all the expenses involved in hauling the logs and they are paid a flat rate per thousand board feet for their services. In all cases the truck drivers are either the owners of the trucks or employees of the truck owners. In those cases where the drivers are employees of the truck owners, the drivers' wages are paid by the truck owners and they remain under the direction and control of the truck owners, except that the plaintiff directs the drivers as to where to pick up their loads and the destination to which they are to be delivered.

On the pleadings and stipulated facts each party moved for a summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S. C.A.

The trial court in its memorandum opinion ruled that under the undisputed facts of the case the movement of the logs did constitute transportation within the meaning of Section 3475 of the Internal Revenue Code of 1939, as amended, and thereupon granted the motion of the Government for a summary judgment.

Plaintiff contends that the movement of these logs from the place where they were felled to plaintiff's mill did not constitute transportation within the meaning of Section 3475.

Treasury Regulations 113 (1943 ed.), Section 143.1(b), defined a person engaged in the business of transporting property for hire as including "a common carrier, contract carrier, local moving or drayage concern, freight forwarder, express company, or other person transporting property for hire wholly or in part by rail, motor vehicle, water, or air." Subsection (c) defined the term carrier as being coextensive with the term "person engaged in the business of transporting property for hire." Subsection (d) defined the term transportation as meaning "the movement of property by a person engaged in the business of transporting property for hire, including interstate, intrastate, and intracity or other local movements, as well as towing, ferrying, switching, etc. * * *."

To sustain its contentions in this case the plaintiff has cited decisions which involved movements of property by persons who were the employees of the party desiring the property moved or were subject to the absolute control and direction of the owners of the property, or cases which involved the movement of property entirely on the premises of the party for which the movement was made. The cases on which the plaintiff chiefly relies are: Masonite Corp. v. Fly, 5 Cir., 194 F.2d 257; Kerns v. United States, 4 Cir., 204 F.2d 813; and Castle Shannon Coal Corp. v. United States, D. C.W.D.Pa., 98 F.Supp. 163.

In the Masonite case, supra, plaintiff owned a large plant where it manufactured wall board and similar products out of wood pulp. Plaintiff maintained a large reserve supply of wood which was stacked in its yard. Plaintiff owned wood cars and a locomotive which was used to move the cars about in its yard and in the factory. The cars were first moved by the locomotive and placed in the yard near the stacks of wood. The

wood was then taken from the stacks, loaded onto a truck, hauled to the wood cars and loaded into them and then the wood cars were moved by the locomotive to the factory where the wood was used in the manufacture of wall board. Trucks hauled the wood only a short distance and the entire movement was made on the premises of the plaintiff. The persons employed in the movement of the wood were persons who owned or had the use of a truck. The plaintiff paid the truckers $1,25 per unit to remove the wood from the stacks in the yard, load it on the truck, move it to the wood cars and load the wood onto the cars. The court there held, page 261, that the persons who made these movements of the wood were employees of the plaintiff and were not persons engaged in the business of transporting property for hire; that they were "employed to do a job of loading" in which they made only incidental use of a truck to move the wood the short distance required from the stack to the cars; and that the use of trucks in moving the wood this short distance was purely accessorial to the loading.

In the Kerns case, 204 F.2d 813, the taxpayer trucking company owned its own trucks which were operated by drivers hired and paid by the taxpayer. The trucks were rented with their drivers at a fixed price per hour to a stone company which operated a large stone quarry. The trucks were used only in the quarry to move the stone from place to place as it was being crushed and to rock piles where it was stacked for storage. The drivers of the trucks were subject to the absolute control and direction of the stone company as to every detail of the work performed by them. On the facts of that case we think the court correctly held that the operation there involved was not subject to the transportation tax.

The Castle Shannon case, 98 F.Supp. 163, involved the movement of waste material from the tipple of a coal mine to the mine dump. The movement there was made under a contract between the mine operator and a trucker, in which the trucker agreed to move the waste to the dump at a specified rate per hour for the service of each truck and driver regardless of the amount of work done. The contract also provided that the plaintiff's foreman would direct and supervise the movement. To sustain its position in Castle Shannon the court strongly relied on the case of Edward H. Ellis & Sons, Inc., v. United States, 3 Cir., 187 F.2d 698. In the Ellis case a general contractor contracted with the Texas Company to clear, level and grade a tract of land owned by the Texas Company on which it proposed to construct a large refinery and storage plant. The general contractor then contracted with one Krantz, who furnished the contractor trucks, with drivers, to move earth from points in the area where it was being excavated to other points within the same area where the earth was needed as fill. Krantz was admittedly in the trucking business and was within the statutory definition of a person transporting property for hire, but the court there held that the movement of the earth was only an element in the clearing, grading and leveling of the tract and failed to meet the every day usage of the term transportation and, therefore, did not constitute transportation within the meaning of Section 3475.

The three cases on which the plaintiff chiefly relies present facts basically different from the facts in the instant case and therefore do not constitute precedents on which plaintiff here can support its claim. In the instant case the movements of the logs were not limited to the premises of the plaintiff; the movements were not merely accessorial to other processes; and the movements were not made by employees of the plaintiff nor under plaintiff's direction and control. In the instant case the movements of the logs were made by *independent contractors* whose only direction from the plaintiff was as to where the drivers were to pick up their loads and where they were to deliver them. In addition to this the independent con-

tractors who moved the logs were paid a flat rate per thousand board feet for their services.

In Getchell Mine, Inc., v. United States, 9 Cir., 181 F.2d 987, the court held that the transportation tax was properly collected on amounts paid by plaintiff to *independent contractors* for transporting ore from plaintiff's mine to its mill, even though the hauling was done over private roads built and maintained by plaintiff on its own land and on land belonging to the United States. The plaintiff in that case also argued that the transportation there involved was merely incidental to its business of producing gold and tungsten concentrates and was not a part of the transportation to market, and that the movement was therefore not within the purview of Section 3475(a). However, the court held that the amounts paid for such transportation were taxable. The court, 181 F.2d at page 989, rejected the plaintiff's argument that the movement was not subject to the tax because the transportation was "not a part of its transportation to market." The court there distinguished the facts in Lyle v. United States, D.C., 76 F.Supp. 787, where the general contractor, constructing an airfield used the trucks of a subcontractor to move earth from point to point all within the boundaries of the airport.

The facts in the instant case correspond more closely to the facts in the Getchell Mine case than to the facts in any of the cases on which plaintiff relies. The plaintiff admits that the Getchell case is in point on the question here involved but insists that it "is definitely minority law." It is interesting to note,

however, that in three of the decisions on which the plaintiff relies, Castle Shannon Coal Co., Kerns, and Ellis & Sons, the Getchell decision was not criticized but was only distinguished on the facts.

In Bridge Auto Renting Corp. v. Pedrick, 2 Cir., 174 F.2d 733, 737, the appellant was engaged principally in the business of leasing trucks, but for some of its customers it also paid all of the expenses of the operation of the trucks including the wages of its employees who drove the trucks. There the appellant's employees were directed "to carry the property of its customers where, when, and as they directed." The court there said that the appellant was doing almost all that any carrier does for its customers, and held that such activities were subject to the transportation tax. The court there said, 174 F.2d at page 738: "It cannot be said that such services for pay did not make the appellant a person transporting property for hire to that extent even though in doing the greater part of its business it was otherwise engaged." On facts similar to those in the Bridge Auto Renting Corp. case the United States Court of Claims held, in John J. Casale, Inc., v. United States, 86 F.Supp. 167, 114 Ct. Cl. 599, certiorari denied 338 U.S. 954, 70 S.Ct. 492, 94 L.Ed. 589, that the operations of the plaintiff constituted taxable transportation.

We think the District Court in the instant case correctly determined that the movement of logs for the plaintiff was subject to the transportation tax under Section 3475.

The judgment is Affirmed.