WEST AUGUSTA DEVELOPMENT
CORPORATION, a corporation,
Appellant,

v.

Louis O. GIUFFRIDA, Director of the
Federal Emergency Management
Agency, Appellee.

No. 82–1880.

United States Court of Appeals,
Fourth Circuit.

Argued May 9, 1983.

Decided Sept. 15, 1983.

Larry O. Ford, Clarksburg, W.Va. (James C. West, Jr., Jones, Williams, West & Jones, Clarksburg, W.Va., on brief), for appellant.

Lawrence R. Intravia, Asst. Gen. Counsel (William C. Kolibash, U.S. Atty., Betsy C. Steinfeld, Asst. U.S. Atty., Wheeling, W.Va., on brief), for appellee.

Before RUSSELL, PHILLIPS and MURNAGHAN, Circuit Judges.

DONALD RUSSELL, Circuit Judge:

The plaintiff appeals from the grant of summary judgment in favor of the defend-

ant government insurer in its suit to recover for flood damages under an insurance policy with the Federal Emergency Management Agency (FEMA). The district court assigned as its reason for granting the motion the plaintiff's failure to file the proof of loss required by the policy. Plaintiff argues on appeal that the district court erred in not finding that the agency's actions estopped it from asserting such failure. We affirm.

The policy which forms the basis of the action was issued under the National Flood Insurance Program in 1977 and covered a store building owned by the plaintiff near Weston, West Virginia.[1] In January 1978 a nearby creek flooded plaintiff's building. Plaintiff's lessee did not inform it of possible structural damage to the insured building from the flooding until February 1979, and the plaintiff did not confirm this report until the following July. It then filed a notice of loss, and the FEMA engaged a private adjuster to assess the damage. After he investigated the claim, FEMA negotiated with the plaintiff and made settlement offers in May 1980 and February 1981, all under a November 16, 1979, non-waiver agreement with plaintiff that preserved all the terms and conditions of the insurance policy.[2] Along with the settlement offers the adjuster submitted to the plaintiff a completed proof of loss to sign, but the plaintiff rejected the offers, failed to file a proof of loss, and began this suit.

The defendant moved for summary judgment on the ground that plaintiff had failed to comply with the requirement of its insurance policy to file a proof of loss within sixty days of the loss. The district court granted this motion. In dismissing the plaintiff's claim of waiver, the Court relied both on the provisions of the insurance contract requiring waivers of its terms to be expressed in writing as a condition of liability and on the doctrine that the government cannot generally be estopped by the acts of its agents.

■ The status of the general rule that estoppel cannot be asserted against the government is in some flux, *Schweiker v. Hansen*, 450 U.S. 785, 791, 101 S.Ct. 1468, 1472, 67 L.Ed.2d 685 (1981) (dissenting opinion of Marshall, J.) and the lower federal courts in particular are in disagreement about the applicability of estoppel in cases involving failure to file timely proof of loss.[3] But even those authorities that urge

1. As described by the Seventh Circuit:
"The National Flood Insurance Program (NFIP), created pursuant to the National Flood Insurance Act, [42 U.S.C. §§ 4001 *et seq.*], is a federally subsidized program which provides flood insurance at or below actuarial rates. From June 6, 1969 to December 31, 1977, the program was administered by the National Flood Insurers Association, an unincorporated association of insurance carriers under a contract with the Department of Housing and Urban Development (HUD). Effective January 1, 1978, HUD took over administration of the program. By executive order on April 1, 1979, FEMA assumed responsibility for administering the program."
*Meister Bros., Inc. v. Macy,* 674 F.2d 1174, 1175, n. 1 (7th Cir.1982).

2. The non-waiver agreement provided:
"that the said Company (National Flood Insurers Association) shall by its representative, and at such time, and in such manner, as it deems advisable, proceed to, and, investigate, a certain accident which occurred, or is alleged to have occurred on or about the 26th day of January, 1978, at Weston, W.Va.;

and this agreement and investigation and/or any act performed, or thing done, by the said representative, the Company or by or on its behalf, including, but not limited to, all proceedings necessary to the legal defense of any action or suit arising therefrom or in connection therewith and consequent upon the said accident, and until such time as the Company may expressly communicate to the Insured (West Augusta Development Corp.) its position in writing, shall not be construed as a waiver of any provision, term, condition, limitation, etc., in said policy contained, held by the said Insured, nor a waiver of any right or rights thereunder, either by him or the said Company."

3. *Compare, e.g., Meister Bros., Inc. v. Macy,* 674 F.2d 1174 (7th Cir.1982) and *Dempsey v. Director, FEMA,* 549 F.Supp. 1334 (E.D.Ark. 1982) (FEMA estopped to assert an insured's failure to file a timely proof of loss) with *Pavone, Inc. v. HUD,* 547 F.Supp. 230 (D.Conn. 1982), *aff'd. per curiam* 697 F.2d 295 (2d Cir. 1982), *cert. denied sub nom. Pavone v. Guiffrida,* —— U.S. ——, 103 S.Ct. 446, 74 L.Ed.2d 601 (1982); *Continental Imports, Inc. v. Macy,* 510

a liberalization of the traditional rule denying estoppel would require that a private party asserting estoppel against the government establish as an absolute pre-condition all the elements of equitable estoppel especially, "... conduct by a government agent or entity that has induced reasonable, detrimental reliance by a private party." Note, *Equitable Estoppel of the Government,* 79 Columbia L.Rev. 551, 558 (1979). In this case, as in *Felder v. Federal Crop Insurance Corp.,* 146 F.2d 638 (4th Cir.1944) the claimant has failed to establish that the government took any action prior to the end of the period for filing the required proof of loss on which the plaintiff could reasonably have relied in failing to file proof of loss. Even assuming that the sixty-day filing period did not begin until July 1979, (the main actions on which the plaintiff rests its claim of estoppel) all negotiations and offers of settlement between the parties occurred after that period had elapsed. Indeed, the plaintiff does not argue that the government's investigation began before the sixty-day filing period had ended. Thus, even if this court were inclined to broaden the use of estoppel against the government, the plaintiff does not appear to have met the threshold requirement of establishing detrimental reliance.

Moreover, the plaintiff executed a non-waiver agreement with FEMA prior to any negotiations or offers of settlement between the parties. It is true that, as cases cited by plaintiff indicate, non-waiver agreements, like other agreements, may themselves be waived by a party's later conduct. *See Charles Stores, Inc. v. Aetna Ins. Co.,* 428 F.2d 989, 993–94 (5th Cir.1970); 16C J. Appleman, *Insurance Law and Practice* § 9377 at 629, 632–35 (1981). In the record before us, however, we find no evidence of any action by FEMA that would constitute such a waiver if done by a private insurer. Moreover, we note that, under both traditional principles of estoppel, *Federal Crop Insurance Corp. v. Merrill,* 332 U.S. 380, 68 S.Ct. 1, 92 L.Ed. 10 (1947), and

the recent liberalizing trend, *see* Note, 79 Colum.L.Rev. 551, a government agency is not estopped merely because its actions, if taken by a private party, would have worked an estoppel.

The judgment of the district court is accordingly

AFFIRMED.

F.Supp. 64 (E.D.Pa.1981); and *Cross Queen, Inc. v. Director, FEMA,* 516 F.Supp. 806 (D.V.I. 1980) (conduct of FEMA cannot waive requirement of filing of proof of loss.)