**Elmer E. CHASAR, Plaintiff,**

v.

**INTERNAL REVENUE SERVICE, Defendant.**

**Civ. A. No. 3–89–2581–H.**

United States District Court, N.D. Texas, Dallas Division.

Feb. 13, 1990.

Kemble White, McDaniel & White, Dallas, Tex., for plaintiff.

Ralph F. Shilling, Jr., Atty., Tax Div., U.S. Dept. of Justice, Dallas, Tex., for defendant.

## MEMORANDUM OPINION AND ORDER

SANDERS, Chief Judge.

Before the Court is Defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, filed December 21, 1989, and Plaintiff's Motion for Summary Judgment and Response to Defendant's Motion, filed January 16, 1990.

Plaintiff Chasar instituted this action seeking the refund of income taxes he paid for 1983. Defendant now moves this Court to dismiss the action on the grounds that Plaintiff's claim is barred by the statute of limitations. Plaintiff also moves for summary judgment on the grounds that no factual dispute exists as to the date upon which the tax return was filed.

*Facts*

Plaintiff alleged in his complaint that he mailed his 1983 Federal Income Tax Return on or about February 25, 1985 by personally placing it in a post office mailbox.

There is no dispute that even if mailed on this date, the return was late.

The IRS denies ever receiving the return. It claims that it only received a copy of the return on July 18, 1988 in response to a tax collection notice.

*Analysis*

The issue presented is whether Plaintiff filed his return (which is deemed to be a claim for refund) within the three-year limitations period from the date upon which the taxes were paid. *See* 26 U.S.C. § 6511. Since taxes are deemed paid as of April 15 of the year following, *see* 26 U.S.C. § 6513(b)(1), Plaintiff's 1983 taxes are deemed paid as of April 15, 1984. Therefore, to fall within the limitations period, his return must have been filed before April 15, 1987.

Section 7502 of the Internal Revenue Code contains a statutory presumption that a timely mailing of a tax return is a timely filing. By its very terms, this presumption does not apply in this case, since the return was filed late. *See* 26 U.S.C. § 7502(a)(2)(A)(i); *King v. United States*, 495 F.Supp. 334, 337 (D.Neb.1980). Section 7502 also creates a presumption that a receipt for certified or registered mail is effective proof of delivery. *See* 26 U.S.C. § 7502(c). Since Plaintiff neither sent his return via these methods of mailing, nor mailed it within the time period allowed, his return does not fall within the "safe harbors" of section 7502.

The requirements for these statutory presumptions not having been met, the general rule of the effect of mailing a tax return must be used. Plaintiff contends that a legal presumption exists that a mailed document is received, citing *Rosenthal v. Walker*, 111 U.S. 185, 193, 4 S.Ct. 382, 386, 28 L.Ed. 395 (1884), a civil case, and *U.S. v. Goodman*, 285 F.2d 378 (5th Cir.1960), *cert. denied*, 366 U.S. 930, 81 S.Ct. 1651, 6 L.Ed.2d 389 (1961), a criminal mail fraud case in which the Fifth Circuit held that for the purposes of prosecution under the mail fraud statutes, a mailing would be considered a delivery.

Neither of these cases is on point here because a different rule applies for the *filing* of a government document. Back in 1916, more than 30 years after *Rosenthal,* the Supreme Court held that the filing of a government document "is not complete until the document is delivered and received." *United States v. Lombardo*, 241 U.S. 73, 76, 36 S.Ct. 508, 509, 60 L.Ed. 897 (1916). This physical delivery rule states the general requirement for filing claims. *Miller v. United States*, 784 F.2d 728, 730 (6th Cir. 1986); *Phinney v. Bank of the Southwest Nat'l Ass'n, Houston*, 335 F.2d 266, 268 (5th Cir.1964) ("When the mails are utilized for the purpose of filing an instrument, the filing takes place upon delivery at the office of the official required to receive it."). Thus, if a claimant chooses to mail instead of hand-deliver a document he wishes to file, he assumes the risk that the U.S. Post Office will not perform correctly. Section 7502 modified this general rule to provide a statutory exception when the tax returns were timely mailed or certified or registered mail service was used.

Plaintiff tries to avoid the consequence of this rule by citing to a recent Tax Court decision which he believes interprets section 7502 differently. In *Estate of Wood v. Commissioner*, 92 T.C. 793 (1989), the U.S. Tax Court allowed a petitioner who had timely taken his return to the post office to use means other than a receipt for registered or certified mail as proof of delivery. Specifically, the court allowed testimony from the postmaster of the rural post office station who remembered having received, postmarked, and sent on the petitioner's missive. The court's grounds for this decision were that the postmaster's testimony was proof of *timely mailing,* thus bringing the petitioner within the section 7502 presumption that a timely mailing is a timely filing.

The difference here is that Plaintiff does not assert that his return was timely mailed. Thus, even if the Court accepted Plaintiff's evidence of mailing (which consists solely of an affidavit by Plaintiff that he mailed the return), Plaintiff forfeited his right to the statutory presumption that a timely mailing is a timely filing by mailing the tax return late. The only manner in

which Plaintiff could have entitled himself to that presumption is if he had mailed the return within the time period allowed, or if he had sent the return late but via registered or certified mail. These are the only two exceptions provided in section 7502 to the generally-recognized requirement of physical delivery to the IRS.

In short, once a tax return is late, the claimant is no longer entitled to rely upon the U.S. Post Office for delivery unless a special service is used, but instead he must ensure delivery himself. Since actual delivery, and thus the filing, of Plaintiff's return did not occur until July 18, 1988 when the IRS received a copy of the 1983 tax return, the return was filed outside of the three-year limitations period and the refund claim is barred.

Accordingly, Defendant's Motion for Summary Judgment is GRANTED, Plaintiff's Motion for Summary Judgment is DENIED, and the case is DISMISSED.

SO ORDERED.