Jack L. SIMMS, Jr. and Sue Simms

v.

UNITED STATES of America.

Civ. A. No. 92–1121.

United States District Court,
W.D. Louisiana,
Lake Charles Division.

Nov. 8, 1994.

Jerre Lloyd, Lake Charles, LA, for plaintiffs.

Robert E. Dozier, U.S. Dept. of Justice Tax Div., Washington, DC, for defendant.

## MEMORANDUM RULING

EDWIN F. HUNTER, Jr., Senior District Judge.

In 1983–1984, plaintiffs, Jack L. and Sue Simms, filed refund claims for taxable years ending December 31, 1977, 1978, and 1979. The refunds were based on carryback investment tax credits allegedly accrued in tax years 1980 and 1981.[1] The Internal Revenue Service ("I.R.S.") has no record of receiving the refund requests, and consequently, no action was ever taken. On June 15, 1992, plaintiffs filed suit in federal court. After a series of continuances and extensions of time, the government filed its motion for summary judgment which is presently before the court.

### Discussion

The United States is immune from suit pursuant to sovereign governmental immunity, except to the extent immunity is expressly waived by statute. *Lehman v. Nakshian*, 453 U.S. 156, 160, 101 S.Ct. 2698, 2701, 69 L.Ed.2d 548 (1981); *United States v. Testan*, 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976); *United States v. Alabama*, 313 U.S. 274, 61 S.Ct. 1011, 85 L.Ed. 1327 (1941); *United States v. Shaw*, 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888 (1940). The United States can only be sued by its permission, and according to the procedures established by Congress. *Lehman*, 453 U.S. at 160, 101 S.Ct. at 2701. The government has waived its sovereign immunity from taxpayer refund suits under the following limited circumstances:

(a) The district courts shall have original jurisdiction, concurrent with the United States' Claims Court, of:

(1) Any civil action against the United States for the recovery of internal revenue tax alleged to have been erroneously or illegally assessed or collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws; ...

28 U.S.C. § 1346(a)(1);

(a) **No Suit Prior to Filing Claim for Refund.**—No suit or proceeding shall be maintained in court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collect-

---

1. The claimed refunds total $11,072.00: $3,119.00 in 1977; $4,213.00 in 1978; and $5,872.00 in 1979.

ed, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a).

Furthermore, § 6511(a) of the Internal Revenue Code requires that a claim for refund or overpayment of income taxes must be filed within three (3) years from the date the pertinent return was filed, or within two (2) years from the time the tax was paid, whichever comes later. For carryback claims, taxpayers are allowed three (3) years "after the time prescribed by law for filing the return (including the extension thereof) for the taxable year of the unused credit" which results in the carryback. 26 U.S.C. § 6511(d)(4)(A). For the 1977 carryback to be considered timely, the Simms had until April 15, 1984, to file a refund claim. For the 1978 and 1979 carrybacks, the Simms had until April 15, 1985, to file their claims. Plainly, if the Simms did not file their claims with the I.R.S. prior to April 15, 1984, or April 15, 1985, respectively, we do not have subject matter jurisdiction. *Zernial v. United States,* 714 F.2d 431, 433–434 (5th Cir. 1983) (the timely filing of an administrative claim for refund is a jurisdictional requirement for maintaining a refund action in district court). The party who evokes the district court's jurisdiction bears the burden of showing that the refund claim was timely filed. *United States v. Rochelle,* 363 F.2d 225, 231 n. 11 (5th Cir.1966).[2]

The United States contends through affidavits, that the I.R.S. office never received plaintiffs' claims for refund before or after the 1984–85 deadline. Conversely, the Simms submit personal affidavits, and the affidavits of their accountants, stating that the claim forms were prepared and mailed to the I.R.S. prior to expiration of the prescriptive period.

The government argues that 26 U.S.C. § 7502 is the only statutory vehicle whereby plaintiffs' claims can be proven to have been filed timely with the I.R.S.[3] The government further argues that since the claims were never *delivered* to the I.R.S., they cannot relate back to the postmark date.

Section 7502 applies in situations where a return or refund is mailed prior to the deadline, but not delivered to the I.R.S. until after the deadline. Plaintiffs' affidavits do not address whether the refunds were *delivered* or even *received* by the I.R.S. The affidavits merely state that the refund claims were mailed, and that petitioners were never notified by the I.R.S. that they had not been delivered.

Since plaintiffs possess no evidence that the refunds were delivered to the I.R.S., they rely upon an interpretation of section 7502 espoused by the Eighth and Ninth Circuits which presumes delivery upon proof of the date of postmark. *Anderson v. United States,* 966 F.2d 487, 491–2 (9th Cir.1992); *Estate of Wood v. Commissioner,* 909 F.2d 1155 (8th Cir.1990). In *Anderson,* the Ninth Circuit relied upon *Rosenthal v. Walker,* 111 U.S. 185, 193–94, 4 S.Ct. 382, 386–87, 28 L.Ed. 395 (1884), for the rule that upon proof of timely mailing, it is presumed that the document reached its destination, and was received by the person to which it was addressed. However, *Rosenthal,* was a suit between private parties. In *United States v. Lombardo,* 241 U.S. 73, 76, 36 S.Ct. 508, 509,

---

**2.** We note that the United States brought this issue to the court's attention by way of a motion for summary judgment. However, this issue addresses whether we have subject matter jurisdiction over this case. It will be treated as a motion to dismiss. *Navios Corp. v. National Maritime Union,* 236 F.Supp. 657 (E.D.Pa.1964), *affirmed,* 359 F.2d 853 (3d Cir.), *cert. denied,* 385 U.S. 900, 87 S.Ct. 205, 17 L.Ed.2d 132 (1966).

**3.** 26 U.S.C. § 7502(a) provides,
   **(a) General Rule.—**
   **(1) Date of Delivery.**—If any return, claim, statement, or other document required to be filed, or any payment required to be made,

within a prescribed period or on or before a prescribed date under authority of any provision of the Internal Revenue laws is, after such period or such date, delivered by the United States mail to the agency, officer, or office with which such return, claim, statement, or other document is required to be filed, or to which such payment is required to be made, the date of the United States postmark stamped on the cover in which said return, claim, statement, or other document, or payment, is mailed shall be deemed to be the date of delivery or the date of payment, as the case may be.

454

60 L.Ed. 897 (1916), a case against the government, the Supreme Court held that a paper is not "filed" until, "it is delivered to the proper official and by him received and filed. Anything short of delivery would leave the filing a disputable fact ..." *Lombardo, supra.* Similarly, the Fifth Circuit generally requires physical delivery of the claim for filing to be complete. *Emmons v. Commissioner,* 898 F.2d 50, 51 (5th Cir.1990); *Phinney v. Bank the Southwest National Asso.,* 335 F.2d 266, 268 (5th Cir.1964); *Chasar v. I.R.S.,* 733 F.Supp. 48, 49 (N.D.Tex.1990). Moreover, in *Wood,* and *Anderson,* the taxpayers testified as to the exact date of timely filing, unlike here. *Wood* and *Anderson* ignore the plain language of section 7502 requiring *delivery* of the return or refund claims to the I.R.S. We join, instead, the Second and Sixth Circuits in upholding the requirement that taxpayers produce evidence of delivery to the I.R.S. *Deutsch v. Commissioner,* 599 F.2d 44, 46 (2d Cir.1979), *cert. denied,* 444 U.S. 1015, 100 S.Ct. 665, 62 L.Ed.2d 644 (1980); *Miller v. United States,* 784 F.2d 728, 730 (6th Cir.1986); *Surowka v. United States,* 909 F.2d 148, 149–151 (6th Cir.1990); *Washton v. United States,* 13 F.3d 49 (2d Cir.1993). There is no such evidence here. Plaintiffs simply cannot establish timely filing, and consequently, jurisdiction is lacking.

This decision is a close one. It is a harsh rule which requires taxpayers to ensure that their returns or refund claims are delivered to, and received by, the Internal Revenue Service. Under this rule, taxpayers, to protect themselves, are required to send their claims or refunds to the I.R.S., via certified or registered mail. Perhaps if the I.R.S. more widely disseminated the requirement of proof of delivery, similarly situated taxpayers would be spared the hardship reflected in this case.

The United States' Motion for Summary Judgment, more appropriately styled, a Motion to Dismiss for Lack of Subject Matter Jurisdiction, is GRANTED.

THUS DONE AND SIGNED.

*JUDGMENT*

In accordance with today's memorandum ruling, it is ORDERED, ADJUDGED, and DECREED, that all claims alleged by plaintiffs, JACK L. SIMMS, JR. and SUE SIMMS, against defendant, the UNITED STATES OF AMERICA, be, and they are, hereby DISMISSED, for lack of subject matter jurisdiction.

THUS DONE AND SIGNED.