Pitre v. IRS                          CV-95-399-JD  06/06/96  P

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Joseph A. Pitre, et al.

    v.                                    Civil No. 95-399-JD

Internal Revenue Service


O R D E R


The plaintiffs, Joseph & Diann Pitre and/or Pitre Enterprises ("the Pitres"), have brought this pro se action against the defendant, the Internal Revenue Service ("the government"), to recover alleged tax overpayments for tax years 1988 and 1991. The government has refunded the amount overpaid for 1991 and, as such, the plaintiffs have dropped their claim as it relates to that year. Before the court is the government's motion for summary judgment on the remaining claim for over-payment in 1988 (document no. 11), to which the plaintiffs have not filed an objection.


Background[1]

On April 15, 1992, the plaintiffs mailed by certified mail their 1988 Form 1040 Joint Individual Income Tax Return ("1988

---

[1]The facts relevant to the instant motion are, as matter of necessity, based on the government's pleadings because the complaint contains few factual averments and because the plaintiffs have not responded to the motion.

Return") to the IRS.  See Motion for Summary Judgment, ex. A (certified mail receipt).  On the 1988 Return the plaintiffs asserted that they had no tax liability for the year and claimed a refund for overpayments in the amount of $2,964.00, reflecting withholdings of $1,813.00 and $1,151.00 of federal tax on fuel credits.  The IRS received the 1988 Return on or after April 20, 1992, see Motion for Summary Judgment, ex. B (copy of return with date stamp indicating receipt on 4/27/92 and with handwritten indication of receipt on 4/20/92), and, at some point thereafter, the IRS disallowed the claimed refund.  The plaintiffs unsuccessfully challenged the IRS decision at the administrative level prior to filing the instant action.

## Discussion

The role of summary judgment is "to pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required."  Snow v. Harnischfeger Corp., 12 F.3d 1154, 1157 (1st Cir. 1993) (quoting Wynne v. Tufts Univ. Sch. of Medicine, 976 F.2d 791, 794 (1st Cir. 1992), cert. denied, 113 S. Ct. 1845 (1993)), cert. denied, 115 S. Ct. 56 (1994).  The court may only grant a motion for summary judgment where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden of establishing the lack of a genuine issue of material fact, e.g., Quintero de Quintero v. Aponte-Roque, 974 F.2d 226, 227-28 (1st Cir. 1992), and the court views the entire record in the light most favorable to the plaintiff, "`indulging all reasonable inferences in that party's favor,'" Mesnick v. General Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991) (internal quotations omitted), cert. denied, 504 U.S. 985 (1992). Finally, the plaintiffs' pro se status requires the court to hold their pleadings to a less stringent standard than that applied to documents drafted by attorneys. Eveland v. Director of CIA, 843 F.2d 46, 49 (1st Cir. 1988) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)(per curiam)).

As an initial matter, the court finds that the plaintiffs' six-line complaint is legally inadequate, even under the liberal notice pleading standards of Rule 8 and the court's indulgent view of all pro se pleadings.[2] Specifically, the complaint does

_____

[2]The complaint states:

SUBJECT: COMPLAINT

DEAR HONORABLE COURT,

THE INTERNAL REVENUE SERVICE, UNITED STATES OF AMERICA,

3

not contain a statement of the court's jurisdiction and lacks even a skeletal description of the factual basis of the claim. However, despite these deficiencies, the court will consider the merits of the pending motion in order to safeguard the rights of the pro se plaintiffs.

The filing of a claim for a tax refund is governed in part by 26 U.S.C. § 6511, Limitations on credit or refund, which provides in relevant part:

> **(a) Period of limitation on filing claim.** -- Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid.
>
> **(b) Limitation on allowance of credits and refunds.** --
>
> > **(1) Filing of claim with prescribed period.** -- No credit or refund shall be allowed or made after the expiration of the period of limitation prescribed in subsection (a) for the filing of a claim for credit or refund, unless a claim for credit or refund is filed by the taxpayer within such period.

---

ANDOVER, MA OFFICE HAS REFUSED TO PAY REFUND OF APPROXIMATELY $3000 FOR 1988 TAX YEAR AND APPROXIMATELY $700 FOR 1991 TAX YEAR.  I HAVE CORRESPONDED WITH THEM TO NO SATISFACTION AND WISH TO BE HEARD ON THIS MATTER.

/S/ JOSEPH PITRE

4

**(2) Limit on amount of credit or refund. --**

> **(A) Limit where claim filed within 3-year period.** -- If the claim was filed by the taxpayer during the 3-year period prescribed in subsection (a), the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return.

> **(B) Limit where claim not filed within 3-year period.** -- If the claim was not filed within such 3-year period, the amount of the credit or refund shall not exceed the portion of the tax paid during the 2 years immediately preceding the filing of the claim.

26 U.S.C.A. § 6511 (West. Supp. 1996). The taxpayer's failure to satisfy statutory time limits constitutes a jurisdictional bar to any federal court lawsuit for a refund, "regardless of whether the tax is alleged to have been `erroneously,' `illegally,' or `wrongfully collected.'" United States v. Dalm, 494 U.S. 596, 602 (1990); see Zernial v. United States, 714 F.2d 431, 433-34 (5th Cir. 1983) (same).

For purposes of applying the statutory time limits, a request for tax refund is not considered to have been "filed" until the time the IRS actually receives it. See, e.g., United States v. Lombardo, 241 U.S. 73, 76 (1916); Miller v. United States, 784 F.2d 728, 730 (6th Cir. 1986) (citing Phinney v. Bank of the Southwest Nat'l Assn., 335 F.2d 266, 268 (5th Cir. 1964)); Simms v. United States, 867 F. Supp. 451, 453-54 (W.D. La. 1994).

5

Although a statutory "mailbox rule" provision, 26 U.S.C. § 7502(a), deems those tax returns and claims received after a filing date to have been be filed on the date of their mailing, the exception does not apply where both the date of mailing and the date of actual receipt followed the expiration of the time limit for the filing of that year's return. Becker v. Department of the Treasury, 823 F. Supp. 231, 233 (D. Del. 1993).

The government, conceding for purposes of this motion that the plaintiffs have satisfied 26 U.S.C. § 6511(a), argue that this action is jurisdictionally barred because it was not filed within the time frame prescribed by § 6511(b). The court agrees.

The plaintiffs' 1988 Return, which included their request for a tax refund, was mailed by certified mail on April 15, 1992, and was not received, and therefore not filed, until April 20, 1992, at the earliest. Because 1988 tax returns were due on Monday, April 17, 1989, the plaintiffs' return was more than three years late when filed on or after April 20, 1992.[3] Section 6511(b)(1) limits the plaintiffs' potential recovery to that portion of the erroneously paid taxes paid within the three years prior to the filing on the claim for a refund, i.e., those 1988 taxes overpaid from April 20, 1989, to April 20, 1992. The

---

[3]The government asserts, and the plaintiffs have not disputed, that the plaintiffs did not request an extension for the filing of their 1988 Return.

plaintiffs' 1988 tax payments were in the form of withheld wages and tax credits, payments which are deemed by statute to have been paid on the last day permitted for the filing of that year's return, i.e., April 17, 1989, without regard to any extensions of time granted for the filing of the return, 26 U.S.C.A. § 6513(b) (West 1989). Thus, no portion of the plaintiffs' tax payment is considered to have been paid within the three-year period beginning April 20, 1989, and, as a result, their claim for a refund is an untimely claim over which the court lacks subject matter jurisdiction. See Zernial, 714 F.2d at 433-34; Simms, 867 F. Supp. at 452-53.

## Conclusion

The court lacks jurisdiction over the plaintiffs' claim.

The government's motion for summary judgment (document no. 11) is granted. The clerk is ordered to close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
Chief Judge

June 6, 1996

cc:  Joseph A. Pitre, pro se
     Diann J. Pitre, pro se
     David A. Haimes, Esquire

7