**Robert H. MANKA, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. CIV.A. 99–1927–A.

United States District Court,
E.D. Virginia,
Alexandria Division.

July 20, 2000.

Brian Vincent Ebert, Foust & Clark, P.C., McLean, VA, for Plaintiff.

Rachel Celia Ballow, United States Attorney's Office, Alexandria, VA, for Defendant.

## MEMORANDUM OPINION

ELLIS, District Judge.

In this federal tax refund suit, the threshold question is whether the taxpayer's claim is time-barred under 26 U.S.C. § 6511(b)(2).

### I

Plaintiff Robert H. Manka overpaid his 1993 taxes. Specifically, he overpaid his taxes by $22,277. This figure results from subtracting his actual 1993 tax liability from the amount of taxes he paid that year through withholding and estimated payments. Plaintiff's actual 1993 tax liability was $12,142, while he paid total taxes in the sum of $34,419, $19,502 through withholdings and $14,917 through estimated tax payments. The difference, $22,277, is the amount of plaintiff's overpayment that he duly noted on his 1993 return together with a request that the Internal Revenue Service ("IRS") apply this tax overpayment against his future tax liability.

So far, so good, except that plaintiff did not file his 1993 return requesting this credit on April 15, 1994, when it was originally due. Nor did he file it on October 15, 1994, when it was ultimately due, owing to the six month extension he had obtained. Instead, plaintiff did not mail his 1993 return to the IRS until October 15, 1997, and the IRS did not receive it until October 20, 1997. On these facts, the IRS disallowed the refund claim and this suit followed. In the motion at bar, the government moves to dismiss for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1), Fed.R.Civ.P., on the ground that plaintiff's claim is time-barred under 26 U.S.C. § 6511(b)(2).

### II

Analysis properly begins with recognition of the principles that "[t]he Unit-

ed States, as sovereign, is immune from suit unless it waives that immunity,"[1] and that the government has waived immunity in tax suits[2] only to the extent such suits are timely. Put another way, "unless a claim for refund of a tax has been filed within the time limits imposed by § 6511(a), a suit for refund ... may not be maintained in any court." *United States v. Dalm,* 494 U.S. 596, 602, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990).

The provisions governing the timeliness of tax refund claims are found in 26 U.S.C. § 6511. Distilled to its essence, § 6511 contains two separate timeliness provisions. The first, § 6511(a) and (b)(1), read together, prescribes filing deadlines for taxpayers claiming refunds.[3] The second, § 6511(b)(2),[4] limits, or caps, the amount of refund taxpayers may recover to the amount they paid in taxes within a statuto-ry "look-back" period consisting of the three years, plus any applicable extensions, that immediately precede the date the taxpayers filed their tax returns. Only § 6511(b)(2) is at issue in this dispute.[5]

■ To determine when plaintiff's "look-back" period begins, it is necessary first to ascertain the date he filed his 1993 return. In that regard, the law is settled that 26 U.S.C. § 7502(a)'s so-called "mailbox" provision[6] is inapplicable where, as here, the tax return was untimely. *See Pitre v. IRS,* 938 F.Supp. 95, 97 (D.N.H. 1996). Rather, a receipt rule controls under these circumstances, and thus the date the IRS received plaintiff's 1993 return is also the date the return is deemed filed. Put another way, "[f]or purposes of applying the statutory time limits, a request for tax refund is not considered to have been 'filed' until the time the IRS actually receives it." *Id.*[7] Therefore, plaintiff's "look-

---

1. *Webb v. United States,* 66 F.3d 691, 693 (4th Cir.1995) (citations omitted)

2. *See* 28 U.S.C. § 1346(a)(1).

3. Specifically, 26 U.S.C. § 6511(a) provides:

   Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which the tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid.

   26 U.S.C. § 6511(b)(1) provides:
   No credit or refund shall be allowed or made after the expiration of the period of limitation prescribed in subsection (a) for the filing of a claim for credit or refund, unless the claim is filed by the taxpayer within such period.

4. 26 U.S.C. § 6511(b)(2) provides:

   If the claim was filed by the taxpayer during the 3 year period prescribed in subsection (a), the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return.

5. The government concedes that plaintiff's 1993 return is a timely refund claim under 26 U.S.C. § 6511(a).

6. 26 U.S.C. § 7502(a)(1) provides:

   If any return, claim, statement, or other document required to be filed, or any payment required to be made, within a prescribed period or on or before a prescribed date under authority of any provision of the internal revenue laws is, after such period or such date, delivered by United States mail to the agency, officer, or office with which such return, claim, statement, or other document is required to be filed, or to which such payment is required to be made, the date of the United States postmark stamped on the cover in which such return, claim, statement, or other document, or payment, is mailed shall be deemed to be the date of delivery or the date of payment, as the case may be.

   26 U.S.C. § 7502(a)(2) provides, "This subsection shall apply only if"
   (A) the postmark date falls within the prescribed period or on or before the prescribed date
   (i) for the filing (including any extension granted for such filing) of the return, claim, statement, or other document.

7. *See also United States v. Lombardo,* 241 U.S. 73, 76, 36 S.Ct. 508, 60 L.Ed. 897 (1916) ("Filing, it must be observed, is not complete

back" period begins October 20, 1997, and including his six month extension, ends April 20, 1994.

■ The only remaining question is whether plaintiff *paid* any taxes within his "look-back" period. Plaintiff's 1993 return shows withholdings and estimated tax payments for 1993, as well as carry-over credits from 1992. Pursuant to 26 U.S.C. § 6513(b), plaintiff's 1993 taxes were paid on or before April 15, 1994,[8] or, five days after plaintiff's "look-back" period ended. Since none of the taxes at issue were paid within the § 6511(b)(2) "look-back" period, the plaintiff's refund claim is time-barred. As such, the claim must be dismissed for lack of subject matter jurisdiction.

until the document is delivered and received.").

**8.** 26 U.S.C. § 6513(b)(1) provides:
Any tax actually deducted and withheld at the source during any calendar year under chapter 24 shall, in respect of the recipient of the income, be deemed to have been paid by him on the 15th day of fourth month following the close of his taxable year with respect to which such tax is allowable as a credit under section 31.
26 U.S.C. § 6513(b)(2) provides:
Any amount paid as estimated income tax for any taxable year shall be deemed to have been paid on the last day prescribed for filing the return under section 6012 for such taxable year (determined without regard to any extension of time for filing such return).
Under 26 U.S.C. § 6513(b)(1) and (b)(2), plaintiff's 1993 withholdings and estimated tax payments were paid on April 15, 1994. *See Baral v. United States*, —— U.S. ——, 120 S.Ct. 1006, 1009, 145 L.Ed.2d 949 (2000). The 1992 carry-over credits were paid well before April 15, 1994, as they relate to taxes paid in 1992.

**9.** According to plaintiff, in 1993 he submitted a claim for a refund of overpaid taxes for the 1989 tax year. Although plaintiff received an extension for filing his 1989 tax return until August 15, 1990, plaintiff failed to mail his 1989 return to the IRS until August 16, 1993, and the return was not received by the IRS until August 20, 1993. At the outset, the IRS, as here, disallowed plaintiff's 1989 refund claim because plaintiff's 1989 return was filed more than 3 years after its due date. Plaintiff, however, after working with IRS personnel in its appeals office, ultimately received a

**III**

Seeking to avoid this conclusion, plaintiff invokes an argument of equitable estoppel on the ground that the IRS, in the past,[9] allegedly told him that 26 U.S.C. § 7502(a)'s mailbox rule always applies,[10] and thus, estoppel now bars the IRS from maintaining otherwise.[11] Equitable estoppel is applicable against the IRS when the claimant establishes "as an absolute precondition all the elements of equitable estoppel especially ... conduct by a government agent or entity that has induced reasonable, detrimental reliance by a private party."[12] *West Augusta Dev. Corp. v. Giuffrida,* 717 F.2d 139, 141 (4th Cir. 1983) (internal quotation marks omitted).

refund check for the amount of the overpayment.

**10.** Plaintiff's estoppel argument is not based on inadmissible hearsay evidence because plaintiff is not introducing these alleged statements by the IRS to prove the truth of the matter asserted, namely that the mailbox rule, in fact, always applies; rather, plaintiff merely seeks to show that such statements were made, and that he relied upon them. Therefore, the statements on which plaintiff bases his equitable estoppel argument fall under the permissible category of verbal acts and not hearsay. *See Stuart v. Unum Life Ins. Co. of America,* 217 F.3d 1145, 1154 (9th Cir.2000) ("[If] an out-of-court statement's significance lies solely in the fact that it was made, no issue is raised as to the truth of anything asserted, and the statement is not hearsay.").

**11.** Plaintiff's affidavit also alleges he was told that "timely mailing is timely filing." To the extent this allegation is true, plaintiff has failed to show any basis for estoppel because it is true that timely mailing is timely filing. Plaintiff's problem is he did not timely mail his 1993 return; it was impermissibly late even if it had been received on October 15, 1997.

**12.** Although the question is not squarely before the court, the record suggests that plaintiff's reliance upon these alleged statements by the IRS was unreasonable, especially in light of the view that "one does not have to be a tax expert to know that tax returns have fixed filing dates and that taxes must be paid when they are due." *United States v. Boyle,* 469 U.S. 241, 251, 105 S.Ct. 687, 83 L.Ed.2d 622 (1985).

Use of the doctrine in this regard, however, is disfavored, and courts are cautioned to apply it with the "utmost caution and restraint." *Estate of Emerson v. Commissioner*, 67 T.C. 612, 1977 WL 3636 (1977).

Here, inquiry as to whether plaintiff can satisfy this burden is unnecessary, for the law is well settled that the IRS cannot be estopped on the ground of a misrepresentation of law. *See Automobile Club of Mich. v. Commissioner*, 353 U.S. 180, 183, 77 S.Ct. 707, 1 L.Ed.2d 746 (1957) ("The doctrine of equitable estoppel is not a bar to the correction by the Commissioner of a mistake of law.").[13] Plainly, plaintiff's argument is based on nothing more than such a mistake because despite what plaintiff may have been told, the law is quite clear that the mailbox provision in 26 U.S.C. § 7502(a) is inapplicable where the tax return is untimely mailed. *See Pitre*, 938 F.Supp. at 97.

For the reasons above, the government's motion to dismiss plaintiff's tax refund claim must be granted.

An appropriate Order will enter.

**13.** *See, e.g., Miller v. United States*, 949 F.2d 708, 712 (4th Cir.1991); *Estate of Guenzel v. Commissioner*, 258 F.2d 248, 253 (8th Cir. 1958); *Puls v. United States*, 387 F.Supp. 760, 764 (N.D.Cal.1974); *United States v. Valco Enter.*, 1992 WL 122702, at *4 (D.Mass. May 12, 1992) (unpublished disposition).